UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------X

SAMUEL SOMMER,                              **NOT FOR PUBLICATION**

                Plaintiff,        **MEMORANDUM
                                            AND ORDER**
  -against-                                16-CV-3027 (KAM)

ASPEN DENTAL MANAGEMENT, INC.,
ADMI CORPORATION, ADMI HOLDINGS
L.P., ROBERT A. FONTANA, LEONARD GREEN
AND PARTNERS L.P., GREEN & PARTNERS L.P.,
L.P. GREEN EQUITY INVESTORS SIDE, V.L.P.
AND LGP SMILE COIN VEST LLC, SCOT RICCI,

                Defendants.
------------------------------------------X

**MATSUMOTO, United States District Judge:**

        On June 8, 2016, plaintiff Samuel Sommer, appearing *pro se*, filed this action against defendants alleging dental malpractice pursuant to 42 U.S.C. § 1983 and $90,000 in damages. As discussed herein the Complaint is dismissed for a lack of subject matter jurisdiction.

## Background

        Plaintiff alleges that on April 3, 2015, he "entered into a dental treatment plan with defendant Scott Ricci, Office and Financial Manager" at Aspen Dental Management Inc. ("ADMI") for $6,183.00. (Complaint ("Compl."), ECF No. 1 at ¶ 14). Plaintiff alleges that defendants did not comply with the dental treatment plan. Specifically, plaintiff alleges that "because the

1

dentures don't fit right" he finds "it difficult to communicate," causing him to slur, have trouble swallowing and drool. (Compl. at ¶ 14).

### **Standard of Review**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When evaluating the sufficiency of the pleadings, a court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive dismissal, the plaintiff must plead "factual allegations sufficient to raise a right to relief above the speculative level." *ATSI Commc'ns Inc. v. The Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (internal quotation omitted). The court's function at this juncture is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985).

"When a plaintiff is *pro se*, the court must 'construe the complaint liberally and interpret it to raise the strongest arguments that it suggests.'" *Best v. City of New York*, No. 12 CIV. 7874 RJS SN, 2014 WL 163899, at *6 (S.D.N.Y. Jan. 15, 2014) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)).

Even with a *pro se* plaintiff, however, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Chavis*, 618 F.3d at 170 (citing *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009)). Therefore, although the court is "obligated to draw the most favorable inferences" that the complaint supports, it "cannot invent factual allegations that [the plaintiff] has not pled." *Id.* Even if plaintiff has paid the court's filing fee, a district court may dismiss the action, *sua sponte*, if it determines that the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

## Discussion

Federal courts are courts of limited jurisdiction and may not preside over cases if they lack subject matter jurisdiction. *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000). The basic statutory grants of federal court subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for "federal-question" jurisdiction, § 1332 for "diversity of citizenship" jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when he pleads a colorable claim "arising under" the Constitution or laws of the United States. He invokes § 1332 jurisdiction when he presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount of $75,000. *See* §

3

1332(a); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006) (quoting *Bell v. Hood*, 327 U.S. 678, 681-685 (1946)). "[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). Federal courts have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Moreover, where jurisdiction is lacking dismissal is mandatory. *See id.*; Fed. R. Civ. P. 12(h)(3).

Despite plaintiff's citation to 42 U.S.C. § 1983 and 28 U.S.C. § 1331, plaintiff's complaint suggests no basis for federal question jurisdiction as he does not allege facts to support a claim under the Constitution or any federal laws; instead, plaintiff alleges malpractice, which is a state law claim. *See Obunugafor v. Borchert*, No. 01 Civ. 3125, 2001 WL 1255929, at *2 (S.D.N.Y. Oct. 19, 2001) (A *pro se* "[p]laintiff's claim for negligence or medical malpractice is a state claim and is neither created by federal law nor necessarily depends on the resolution of a substantial question of federal law."); *Wray-Davis v. N.Y. Methodist Hosp.*, No. 16CV1618NGGCLP, 2016 WL 1441332, at *2 (E.D.N.Y. Apr. 8, 2016) ("[M]alpractice . . . is a state law claim.").

Nor has plaintiff pled any basis for this court to exercise diversity jurisdiction in this matter because he does not invoke the court's diversity jurisdiction and in any event, based on the addresses provided by plaintiff, the parties are domiciled in New York and therefore diversity of citizenship is lacking. *Herrick Co. v. SCS Communications, Inc.*, 251 F.3d 315, 325 (2d Cir. 2001) ("[T]he diversity statute, 28 U.S.C. § 1332 . . . mandates complete diversity.").[1]

## Conclusion

Accordingly, the Complaint is dismissed without prejudice for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Plaintiff may pursue his dental malpractice claim in the appropriate state court. Although plaintiff paid the filing fee to bring this action, the court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to enter judgment against plaintiff, close this case and send a

---

[1] Further, the court notes that venue also appears to be improper in the Eastern District of New York. Plaintiff does not allege that any of the defendants reside in the Eastern District of New York or that a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of New York. *See* 28 U.S.C. § 1391(b). Plaintiff obtained dental treatment at the ADMI office in Newburgh, New York. Newburgh is in Orange County, which is a part of the Southern District of New York. (*See* Compl., ECF No. 1 at ¶ 1).

copy of this Memorandum and Order and the Judgment to the plaintiff at the address of record.

**SO ORDERED.**

Dated:   November 30, 2016
         Brooklyn, New York

                                            _____/s/_____
                                            Hon. Kiyo A. Matsumoto
                                            United States District Judge